K&L GATES

August 2, 2024

David R. Fine
david.fine@klgates.com

T +1 717 231 5820

<u>VIA ECF</u>
Patricia S. Dodszuweit, Clerk
United States Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106

Re:  *Cohen v. Cohen*, No. 21-2997

Dear Ms. Dodszuweit:

This letter responds to *amicus* counsel's letter brief following oral argument.

During the argument, I retrieved and referred to an excerpt from the article at Appx379. This reference shows that an article on which defendant relied to support his position even addresses recollection of central details and states that central details from shocking or stressful experiences can be recalled better than central details from happy or mundane experiences. Dr. Hopper's report explains that stress and trauma increase the differential storage of central over peripheral details. Appx654 and n.8.[1] Admittedly, this article does not provide the intended example of support for the proposition that recovered memories can be just as accurate as continuous memories. Instead, *see, e.g.*, Constance Dalenberg's article "Recovered Memory and the *Daubert*

---

[1] Of course, as Dr. Hopper explained in his report and at trial, what is a central detail of a memory for any individual depends upon what they were paying attention to at the time and may not necessarily be the most important details. Appx653 and n.1 & 2; Appx655; Appx1625-26, 1628-29. He explains that peripheral details are easily lost or distorted and acknowledges that central details can be distorted. Appx655, 657; Appx1630, 1648-49, 1654, 1665. He does not take the position that recovered memories of a traumatic event are pristine and immune from distortion or that they are more accurate than other memories.

K&L GATES LLP
17 NORTH SECOND STREET   18TH FLOOR   HARRISBURG   PA 17101-1507
T +1 717 231 4500  F +1 717 231 4501  klgates.com

Criteria" at Appx733 (recovered memory for trauma has the same level of accuracy as continuous memory for trauma).

In response to the Court's subsequent question seeking authority to support Dr. Hopper's statement at trial about 85-95% accuracy, that authority can be found at page 14 n.36 of our brief; however, it is important to emphasize that Dr. Hopper was not saying that *recovered* or *traumatic* memories are 85-95% accurate. He was talking about subjects in memory research studies, and he spoke about those studies in response to Dr. Strange's testimony about inaccurate memories that sometimes occur in studies where people are asked what they remember about an incident after being given false information (*e.g.*, being told about a time when they were lost in a mall as a child, which did not occur, and then being forced to answer questions about it). *See* Appellee's Brief at 13-14 and Appx1651-52. Dr. Hopper explained that, in those studies, the researchers had intentionally misled the subjects. He then testified that, in studies where subjects are not lied to and instead are asked to freely recall what they remember about an incident, the accuracy of their memories is in the 85-95% range. These studies were not cited in Dr. Hopper's report because it was a response to something Dr. Strange stated at trial. If there were concern about this testimony lacking support or extending beyond the scope of the expert report, that should have been addressed through an objection at trial, and none was made.

Thank you for your assistance.

Very truly yours,

David R. Fine

cc: Stephen Fogdall, Esq. (by CM/ECF)
     Ronald Cohen (by U.S. Mail)